recovery of the money, viz. by an action for the money had and received. But the two things (the breach by a solicitor of his duty as such, and the legal right of the client) are quite separate and distinct. * * * Anything that may have been a breach of his duty as a solicitor on his part before the judgment remains a breach of duty afterwards. * * * In the cases In re Ball, L. R. 8 C. P. 104, and In re Robinson, 10 Best & S. 75, it seems to have been held that where a solicitor has acted as in this case, and the client has taken civil proceedings, and obtained a judgment or order which is equivalent thereto, the court will not exercise its disciplinary power, whilst such judgment or order stands, and there is nothing to show that it will prove ineffective. But in neither of these cases does the court seem to have gone so far as to hold that, if the judgment can be shown to be ineffective, the court will not act on the independent disciplinary power which it has. Whether the court would, after the decision in Re Freston and in Re Dudley, go so far as the court did in Re Ball and in Re Robinson, I am not at present prepared to say, but I do not think those cases are any authority for the proposition that the court will hold its hand when the judgment is shown to be ineffective. Here execution was put in, and resulted in nothing."

In the present case it appears that execution upon the judgment which the clients have obtained against their attorney has been returned unsatisfied, and the case is therefore brought directly within the authority above quoted. The conclusiveness of the verdict of the jury makes it unnecessary to retry the issue as to whether the money received by the attorney was to be applied to just such a liability as arose upon the discontinuance above mentioned. The verdict has determined that the costs awarded upon that discontinuance should have been paid by the attorney out of the moneys he received from his client. He is therefore in the position of having in his hands money which in justice should be returned to the clients, because not applied to the purpose for which he received it, and which cannot be so applied, since the clients have been compelled to make the payment which he ought to have made.

The motion to compel the return of the money is granted, with $10 costs.

---

## CITY OF ALBANY v. ANDREWS et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1898.)

1. PRINCIPAL AND SURETY—INDEMNITY—RIGHTS OF OBLIGEE—CONSTRUCTION OF BOND.

A bond given by a principal to his sureties was conditioned that he would "indemnify and save [them] harmless" from all liability they "may sustain or be put to" by reason of the suretyship, and that, if judgment should be rendered in favor of the obligee against them for the sum named in the principal bond, then said sum should immediately become due, etc. A mortgage accompanying the bond recited that it was "intended to secure" the sureties from all losses which they "may be put to or sustain" by reason of the suretyship, and that, if "judgment is rendered" in favor of the obligee against them, then they might sell the premises, and retain the damages they "shall sustain," etc. *Held*, that said bond was given as indemnity against contingent liability of the sureties, and hence, where they were discharged it could not be enforced by the obligee in the principal bond.

2. SAME—TRUSTS.

An agreement between a contractor and his sureties provided that certain sums, up to the amount of their liability, should be deposited in bank

by him as security for the performance of his contract, and "for the purpose of securing the [sureties] from any liability from their so becoming sureties," and also to meet any claim of the obligee against the principal "or" sureties in case of nonperformance of the contract. *Held,* that the intent was to secure the sureties, and not the obligee, the word "or" being read "and," and no trust was created in the obligee's favor.

3. SAME—RIGHTS OF SURETIES AS TO PRINCIPAL.
Where a principal gives bonds and mortgages to his sureties to indemnify them "from all and all manner of suits, actions, damages, charges, costs, expenses, or losses" which they may sustain or be put to by reason of their suretyship, their costs, charges, and expenses in defending an action wherein the obligee of the bond which they signed seeks to be subrogated to their rights in said securities, as well as in an action on said bond wherein they are discharged as sureties, should be allowed them out of the securities.

4. SAME—RIGHTS OF SURETIES INTER SE.
Where one surety gave a bond, secured by mortgage, to indemnify two co-sureties against loss by their suretyship, and other mortgages given all the sureties for their indemnification are insufficient to reimburse them, the share belonging to the one surety should be applied to the payment of the other two; and, when their claim is liquidated, his mortgage to them should be canceled.

Appeal from special term, Kings county.

Action by the city of Albany against Sarah M. Andrews and others. From a final judgment in favor of defendants, plaintiff appealed. Affirmed, with costs.

The following is the opinion delivered at special term (MADDOX, J.):

Plaintiff, having recovered, on January 22, 1897, a judgment against Mary A. Andrews, as executrix, etc., of William D. Andrews, deceased, the surviving partner of the firm of William D. Andrews & Bro., composed of William D. and George H. Andrews, for $205,960.70, because of the failure of said Andrews' firm to perform their contract with the plaintiff for the construction of a water plant, now seeks to be declared the equitable owner of and entitled to two certain bonds and mortgages, and also certain surplus moneys covered by one of said mortgages, and plaintiff asks judgment of foreclosure thereof. Said bonds and mortgages were given to the defendants Livingston, the Moores. and Flinn as indemnity, they being the sureties, with said William D. Andrews and George H. Andrews as principals, on a bond to plaintiff for $50,000 for the performance of said contract. The said sureties have been held, in Livingston v. Moore, 15 App. Div. 15, 44 N. Y. Supp. 125, to have been discharged from all liability under their said bond or obligation to the plaintiff, by reason of material changes made in said contract, without their consent, after the delivery of the bond to plaintiff. The city of Albany has appealed therefrom to the court of appeals, and such appeal is still pending; but that fact, in my opinion, offers no embarrassment in determining the questions here involved.

Plaintiff invokes the rule that a creditor is entitled to the benefit of all securities or pledges in the hands of the surety, given by the principal, as indemnity against any charge or liability because of a breach; while the answering defendants contend that the security was given to indemnify the sureties only as against damnification, and hence that plaintiff has no right to subrogation, and they ask to be reimbursed for the costs and expenses they have been put to in Livingston v. Moore, and in this action, and also ask for the foreclosure of said mortgages. The defendant Man's attorney has, since the trial of this action, withdrawn his opposition to the recovery by the defendants the Moores and Flinn here of what they may be entitled to, and hence all questions may be determined in this action.

If the indemnity was against contingent liability, if the mortgages were given to the sureties, not to secure performance of the Albany contract, or

to provide a fund for the payment of the damages occasioned by a breach thereof, but to save harmless the sureties from a contingent liability or loss against any damage that they might be subjected to because of that breach, then plaintiff cannot succeed, for that contingency must first come. The intent and purpose of the parties must be gathered from the language used and the bonds and mortgages so construed. The bonds and mortgages are alike in language, excepting only the descriptions of the property and amount of insurance; the condition of the bonds being that the obligors, the Andrews, and their legal representatives, "shall well and truly indemnify and save harmless" the said sureties "from all and all manner of suits, actions, damages, charges, costs, expenses, or losses which they or either of them may sustain or be put to by reason of their so becoming sureties on .said bond to said city of Albany"; and, further, that if "judgment shall be rendered in favor of the city of Albany against" the sureties, or either of them, "for the payment of the sum of $50,000, then and in that case said sum of $50,000 * * * shall immediately become due and payable, and shall be a lien on the premises described in the mortgages executed with even date herewith." The mortgages also recite that they are "intended to secure" the sureties, according to the conditions of the bond, for all "costs, charges, expenses, suits, damages, and losses which they * * * may be put to or sustain by reason of their so becoming sureties upon said bond to said city of Albany," and if default is made, and "judgment is rendered in favor of said city of Albany or its special water commissioners against" the sureties, then they may sell, and retain the costs, charges, and damages they "shall sustain," paying the overplus, if any, to the mortgagors, their legal representatives or assigns. In my judgment, it was clearly the intention of the parties that the sureties were to be indemnified against damnification, and the last paragraph of the mortgages in no wise alters that conclusion; for, in effect, it provides only for the consequent result, that the conveyance should be void if the sureties were "saved harmless," and it involves no obligation other than one for the sureties' benefit.

Plaintiff further contends that the securities, the bonds, mortgages, and surplus moneys in question, are impressed with a trust in plaintiff's favor, because they are the substitutes for a fund provided for by an agreement dated August 10, 1887, between the Andrews and their said sureties, such substitution being due to the acts of the parties to that agreement, and being in derogation of plaintiff's right fixed thereby, namely, the right to have the sum so to be created applied in payment of any judgment it might recover against the Andrews or their sureties, upon the ground that such was the expressed intention and purpose of the parties. That agreement, after reciting the Albany contract, and that Livingston, the Moores, and Flinn had "become sureties to the" Andrews on said bond to plaintiff for $50,000, provided for the deposit in the Albany County Bank, "to the joint order of the parties" to that agreement, of certain of the moneys to be received on said contract until $50,000 was so deposited, the sums so deposited to remain "as security for the faithful performance" by the Andrews "of said contract, the deposit so made being for the purpose of securing the said parties of the second part," said sureties, "from any liability or harm from their so becoming sureties"; also to "meet any claim the said city of Albany may establish against the parties of the first part herein, or their sureties, should said parties of the first part fail to perform said contract," and, upon said bond being canceled, the money so deposited to become and be the property of the Andrews. The intent and purpose is thus, to my mind, apparent to secure the sureties against liability or harm; not to secure the plaintiff, for it then had the bond for $50,000. Again, what was it to meet? Any claim the city of Albany may establish against the principals on that bond and their sureties. I think the word "or," meaning, as it does,· "one or the other," "not both," must give way and be replaced by the word "and," so that it may read "to meet any claim the said city of Albany may establish against the parties of the first part herein and their sureties"; for, to recover as against the sureties upon such an obligation as the one held by plaintiff, it must be such a claim as may be established against both the principal and the surety, not one or the other. The agreement thus provided for security is personal to the sureties, and is not capable

of such an interpretation as sustains plaintiff's contention, nor does it create any trust in plaintiff's favor, and hence a consideration of the modifying agreements, leading to the security now held by the sureties, is unnecessary. For the reasons above stated, the cases of Bank v. Bigler, 83 N. Y. 51, and Crosby v. Crafts, 5 Hun, 327, are distinguishable from the one under consideration.

The defendants Livingston, the Moores, and Flinn are entitled to recover and have out of such securities their costs, charges, and expenses in the Livingston case, and their counsel fees and expenses in this action. Such expenses are fairly comprehended within the conditions of the bonds, were made necessary and were occasioned by reason of their suretyship. The defendant Livingston having given to the defendants Moore an indemnity bond against damage or loss because of their said suretyship, and a mortgage, covering certain lands in Dutchess county, as collateral thereto, it follows that if the proceeds realized from the two bonds and mortgages and the surplus moneys in question here are insuficient to pay the defendants Livingston, the Moores, and Flinn what they are entitled to by way of reimbursement in full, then the share of such proceeds belonging to said Livingston shall be applied to the payment of the deficit, if any, due to the said Moores, and, if their claim be fully liquidated, that the bond and mortgage so given to them by said Livingston be delivered up and canceled. Any surplus of the proceeds of the securities here in suit shall be paid to the defendant Man, the owner of the equity of redemption. The question as to the claims of the sureties, respectively,—that is, the amount allowable to each,—having been reserved, counsel may be heard on the settlement of findings and decree as to the manner of ascertaining the same.

Judgment should therefore be directed dismissing the complaint, with costs to the defendants Livingston, the Moores, and Flinn, and plaintiff to have its disbursements payable out of fund realized from the securities, judgment of foreclosure and sale to be entered, and the defendants, the sureties, to be allowed the amounts due to each respectively. Let findings and judgment be settled on two days' notice.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John A. Delehanty, for appellant.
William Man, for respondent Edward Man.
E. Countryman, for respondents Edward Moore, Henry C. Moore, and Peter J. Flinn.
F. C. Huntington, for respondent Robert S. Livingston.

PER CURIAM. Judgment affirmed, with costs, on the opinion of MADDOX, J., at special term.

---

(24 Misc. Rep. 324.)

STERRIT et al. v. LEE et al.

(Supreme Court, Special Term, New York County. May, 1898.)

LIFE INSURANCE—RIGHTS OF BENEFICIARY—VESTED INTEREST.

A policy upon the life of assured, payable to his mother, her administrators or assigns, purported to have been paid for by her, and was issued on her application, through the son as agent, which represented that she had an interest in his life to the extent of the policy. She was not dependent on him for support, and he did not contribute to her support. After her death, assured wrote to her administrator for an assignment of the policy, and stated he had taken it out for her benefit, without telling her for many years, and paid the premiums. Assured then changed the bene-